UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:24-cr-00046 |
| Plaintiff, | : | Judge Thomas M Rose |
| | : | I N D I C T M E N T |
| v. | : | 18 U.S.C. § 922(g)(1) |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 846 |
| 1. NYKIHA ASTIN | : | 21 U.S.C. § 856(a)(2) |
| | : | FORFEITURE |
| 2. JAELAN MORALES | : | |
| 3. DEVONTE COLE | : | |
| 4. SHARNIECE YOUNG | : | |
| Defendants. | : | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846 and 841(b)(1)(C)]

Between a beginning date unknown, but at least by in or around 2022, and in or around November 2023, in the Southern District of Ohio, defendants **NYKIHA ASTIN, JAELAN MORALES, DEVONTE COLE,** and **SHARNIECE YOUNG** knowingly and intentionally conspired to possess with intent to distribute and to distribute:

Page **1** of **9**

a. a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and

b. a mixture or substance containing a detectable amount of metonitazene, a Schedule I controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

COUNT TWO

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about February 14, 2023, in the Southern District of Ohio, defendants **JAELAN MORALES** and **DEVONTE COLE**, aiding and abetting each other, knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT THREE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about March 3, 2023, in the Southern District of Ohio, defendant **DEVONTE COLE** knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FOUR

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about August 21, 2023, in the Southern District of Ohio, defendant **NYKIHA ASTIN** knowingly and intentionally distributed a mixture or substance containing a detectable amount of metonitazene, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about October 12, 2023, in the Southern District of Ohio, defendant **NYKIHA ASTIN** knowingly and intentionally distributed a mixture or substance containing a detectable amount of metonitazene, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about November 2, 2023, in the Southern District of Ohio, defendant **NYKIHA ASTIN** knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about November 2, 2023, in the Southern District of Ohio, defendant **JAELAN MORALES** knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

[21 U.S.C. § 856(a)(2)]

On or about November 2, 2023, in the Southern District of Ohio, defendant **SHARNIECE YOUNG** knowingly and intentionally controlled any place, whether permanently or temporarily, as an owner and occupant, and in doing so, knowingly and intentionally made available for use, with and without compensation, the place for the purpose of unlawfully storing and distributing a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT NINE

[18 U.S.C. §§ 922(g)(1) and 924(a)(8)]

On or about November 2, 2023, in the Southern District of Ohio, defendant **NYKIHA ASTIN**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and this firearm was in and affecting commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TEN

[18 U.S.C. §§ 922(g)(1) and 924(a)(8)]

On or about November 2, 2023, in the Southern District of Ohio, defendant, **JAELAN MORALES**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and this firearm was in and affecting commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts One through Eight of this Indictment, defendants **NYKIHA ASTIN, JAELEN MORALES, DEVONTE COLE,** and **SHARNIECE YOUNG** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to the following:

a. Glock Magazine and 32 Rounds of 9mm Ammunition;
b. Ruger Magazine;
c. Assorted Rounds of Ammunition;
d. Glock Magazines and 5 Rounds of 9mm Ammunition;
e. $4,000.00 U.S. Currency;
f. $12,263.00 U.S. Currency;
g. $9,000.00 U.S. Currency;
h. Ruger 57 5.7 x 28mm Handgun, Serial Number 641-46492, with Magazine and Ammunition;
i. Glock 19X 9mm Handgun, Serial Number BRRC400, with Magazine and Ammunition;
j. Men's Assorted Jewelry;

k.  Ruger EC9S 9mm Pistol, Serial Number 458-16975, with Magazine and Ammunition; and

l.  2018 Dodge Durango, VIN 1C4SDJCT1JC205819, with all attachment thereon.

## FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts One, Six, Seven, Nine, and/or Ten this Indictment, defendants **NYKIHA ASTIN** and **JAELEN MORALES** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and ammunition named in Forfeiture Allegation 1.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

                   A TRUE BILL

                   _____
                   Foreperson

KENNETH L. PARKER
United States Attorney

_____
BRENT G. TABACCHI
Assistant United States Attorney